**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FRANK J. JOHNSON and JOAN S.
JOHNSON,

              Plaintiffs,

vs.                                                    Case No. 3:08-cv-24-J-32MCR

ANHEUSER-BUSCH COMPANIES, INC.,

              Defendant.

_____

**ORDER**[1]

This case is before the Court on Defendant's Revised Motion to Transfer (Doc. 8), to which plaintiffs have filed a response in opposition (Doc. 11). Assuming that venue is proper in the proposed transferee district (and there is no suggestion to the contrary here), the Court considers the following factors when ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a): "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citing Gibbs & Hill, Inc. v. Harbert Int'l, Inc., 745 F.Supp. 933, 996 (S.D. N.Y. 1990)). Upon reviewing the parties'

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

arguments as to each of these factors, the Court is not convinced that transfer is appropriate here.[2]  Accordingly, is it hereby

**ORDERED**:

1. Defendant's Motion to Transfer (Doc. 8) is **DENIED**.

2. Defendant's Motion for Enlargement of Time (Doc. 10) is **MOOT** as the Court has ruled on the motion to transfer well in advance of the parties' preliminary pretrial compliance obligations (the timing of which was triggered by the removal of this case to federal court).

3. Allowing for a brief sua sponte extension, the parties shall file their Case Management Report (the form of which is attached hereto) no later than **April 15, 2008**.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of February, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies w/CMR:

counsel of record

---

[2]Given the thoroughness of the parties' papers, the Court was not inclined to grant defendant's request for oral argument. See Doc. 9.

2